Edwin B. Smith and another *v.* Benjamin Poydras de Lalande and another.

Where the creditors of an insolvent, having voted for two persons as joint syndics, remain silent while one of the two procures himself to be recognized by the court as sole syndic, sells the property of the estate, completes his administration, and files his accounts, and a final tableau of distribution, which is homologated without opposition, they will be considered as having ratified his acts, and will be bound by their silence.

An insolvent, who has surrendered his property to his creditors, is interested that the estate should be legally disposed of, in order, in case of its insufficiency to pay his debts in full, to diminish as much as possible the balance that may remain due, or, in case of its sufficiency, to preserve for himself whatever may be left after the creditors have been satisfied ; but this interest is not a *real* one, in any part of the property ceded.

A debtor who has surrendered his property to his creditors, cannot, after the proceedings in insolvency have been closed, interfere and set aside a sale, by the syndic, of property in the hands of an innocent purchaser.

APPEAL from the District Court of Pointe Coupée, *Deblieux.* J. *Ilsley*, for the appellants.

*Janin*, for the appellees. 1. The interest which an insolvent has in property surrendered to his creditors, is not a *real* right, which follows the property into the hands of a purchaser. The purchaser in good faith is safe, even in case of fraud on the part of the creditors or of the syndic. 1 Bullard and Curry's Digest, 495. 2. The sale to the plaintiffs was under an order of court, and the purchaser is protected. *Michel's Heirs* v. *Michel's Curator et al.*, 11 La., 149. *Lalanne's Heirs* v. *Moreau*, 13 La., 431. *Ball's Administratrix* v. *Ball et al.*, 15 La., 182.

MARTIN, J. The plaintiffs are appellants from a judgment dissolving an injunction, which they had obtained to stay proceedings on an order of seizure and sale, issued against them, for the price of a tract of land, ceded by Arnaud Beauvais to his creditors, on the ground that the sale was effected by one syndic, while the creditors had voted for two individuals as joint syndics, in consequence whereof the plaintiffs are in danger of eviction.

The record shows that the individual who effected the sale, presented his petition to which was annexed the *process verbal* of the meeting of the creditors, praying to be recognized as sole syndic, and to be allowed to give security accordingly, which was ordered by the court; and that one month afterwards, no application having been made by the other individual named as syndic, and no opposition to the proceedings having been filed by any of the creditors, the applicant gave bond and security. That after having disposed of the property surrendered, under various orders of the court, he brought his administration to a close, and presented his account and tableau of distribution, the filing of which was duly advertised, and finally homologated without opposition.

It is clear that the individual named as a joint syndic with the applicant, or any of the creditors, might have interfered and prevented the former from acting as sole syndic, or otherwise intermeddling in the administration of the estate without sufficient authority. But they all remained silent and saw him recognized by the court as sole syndic, sell the property as such, complete his administration, and file his accounts, and final tableau of distribution, praying for its homologation, and for authority to make pay-

ments accordingly. The parties interested, though notified by legal advertisements, to make any objection which they might have to these documents, or to oppose his discharge, remained silent, and suffered the usual orders to be made.

The District Court was of opinion that the acts of A, transacting the business of B without authority, may, by the express or implied ratification of the latter, be rendered as binding as his own acts. There can be no good reason why this principle should not be extended to one acting as syndic, without due authority, when his acts receive the ratification of the creditors of the insolvent, in such a manner as the creditors of Beauvais have manifested their approbation of the proceedings of the person, who acted for them in the disposal of the estate surrendered.

It does not appear to us that the court erred. The creditors must be bound by their silence.

The appellants have further contended that they are liable to the action of the insolvent, who has an interest in the residue of his estate, after the creditors have been paid. The cases in which a residue remains in the hands of the syndics to be paid to the insolvent, are extremely rare; for the insolvent is he who has not wherewith to pay his creditors. He has, however, a contingent interest ; and, as to it, the syndic represents him. Indeed, even when there is no residue, he has an interest that the estate surrendered should be legally disposed of, in order to lessen as much as possible the balance remaining due to his creditors after the distribution of the proceeds of the estate surrendered. This interest is not a *real* one, on any part of the property ceded. In the case of *Arcenaux* v. *His Creditors*, 6 La., 9, we held that the ' insolvent has certainly a claim for any part of his estate, or of the produce thereof, in the hands of the syndics, or which ought to be there, after his creditors are satisfied ; and *this is all he may claim, in regard to the surrendered estate.*'

In that case, however, *arguendo*, we said, ' if the sale has been illegally conducted, it can only be set aside, and the property recovered by a proper suit against proper parties; and we are not aware that the homologation of the tableau could preclude the insolvent, or affect any right to which this irregularity might give rise, or any claim he might have against the syndics after the credi-

Smith and another *v.* De Lalande and another.

tors were all paid, if he could show that from their neglect in giving proper credits, or from illegal charges, they have destroyed or administered what he might be entitled to after his creditors are fully paid.'

- The District judge was of opinion that there is nothing to prevent the insolvent from interfering, to prevent the illegal administration or waste of the estate ceded; but that this interference must be made while the proceedings are still going on, *id est*, before they are finally closed.

It is useless to enquire whether such interference by the insolvent, may be allowed at any time; as in the present case, it was not made before the close of the proceedings. In the case of *Arcenaux* v. *His Creditors*, we expressed a doubt whether a syndic's sale, could, after the close of the proceedings, be set aside, in the hands of an innocent purchaser. We have said that the insolvent's rights, after the distribution of his estate, are only upon what remains, or ought to remain in the hands of the syndic; and that he has no *real* right on the estate surrendered. This leads us to the conclusion, that the plaintiff is under no apprehension of an eviction by the insolvent.

The judgment must, however, be amended according to the prayer of the appellees, by giving damages against the surety on the injunction bond, as well as against the principal, *in solido.*

It is therefore ordered, that the judgment of the District Court be affirmed with costs, and that the appellee further recover against Augustin Bourgeat, the surety, *in solido* with his co-defendant, the interest and damages given against the principal by the judgment below.